**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEXTER SAFFOLD, )
)
    Plaintiff, )
) No.   14cv07468
  v. )
) Judge John Robert Blakey
SOUTH SUBURBAN COLLEGE, )
) Magistrate Judge Martin
    Defendant. )

### PLAINTIFF'S RESPONSE AND SUPPORTING MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, DEXTER SAFFOLD, by and through his recruited counsel, BRYAN HOFELD, and herewith submits his Response and Supporting Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

### ARGUMENT

Plaintiff fully agrees with the recitation of legal standards applicable to this case as set forth in defendant's motion, and summary judgment should be granted if defendant is able to establish that there is no genuine issue as to any material fact such that it is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As will be demonstrated below, genuine issues of material fact do exist requiring denial of defendant's motion.

In seeking summary judgment in this case, defendant makes three arguments: (1) there is no evidence plaintiff was dropped from the GED program because of his disability; (2) there is no evidence plaintiff was denied a reasonable accommodation; and (3) plaintiff was dropped from the GED program because he violated an attendance policy.

With regard to defendant's first argument, that there is no evidence plaintiff was dropped from the GED program because of his disability, plaintiff testified that he was told by Gail Bonds

1



Carpenter, manager of the students with disabilities office, that defendant could not accommodate blind people like him and he was being dropped from the program because of his disability. (Exhibit A to Rule 56.1 Response, p. 10, 12-14, 27-28, 30-31, 36, 51, 53)  When Gail Bonds Carpenter was deposed, she denied making these statements.[1]  (Exhibit D to Rule 56.1 Response, p. 27-29, 34-35)  Accordingly, a genuine issue of material fact exists as to whether plaintiff was dropped from the GED program because of his disability and defendant's motion must therefore be denied.

As for defendant second argument, that there is no evidence plaintiff was denied a reasonable accommodation, plaintiff has stated in deposition testimony and answers to interrogatories that he was not provided with a note-taker or any other accommodations listed in his fall 2014 academic passport. (Exhibit A to Rule 56.1 Response, p. 10, 16, 24, 52, 66; Exhibit C to Rule 56.1 Response, plaintiff's answer to interrogatory no. 6)  At her deposition, Gail Bonds Carpenter testified that a note-taker was provided.  (Exhibit D to Rule 56.1 Response, p. 13, 15)  With regard to the rest of the accommodations listed on plaintiff's fall 2014 academic passport, defendant has not offered any evidence that any of them were actually provided to plaintiff once class actually began.  In light of the foregoing, a genuine issue of material fact exists as to whether plaintiff was denied a reasonable accommodation and defendant's motion should therefore be denied.

With regard to defendant's third argument, that plaintiff was dropped from the GED program because he violated an attendance policy: (1) plaintiff has testified that he was not provided with any such policy for the fall 2014 semester; (Exhibit A to Rule 56.1 Response, p. 50) (2) plaintiff has testified that he did in fact attend class on September 15th and 18th; (Exhibit A to

---

[1] If these statements were in fact made as plaintiff testified, the obvious discriminatory intent of such statements is indisputable.

2

Rule 56.1 Response, p. 7-8) and (3) plaintiff testified he was never told that he was dropped from class because he was absent. (Exhibit A to Rule 56.1 Response, p. 49) Rather, as previously stated, plaintiff's testimony is that he was told by Gail Bonds Carpenter, manager of the students with disabilities office, that defendant could not accommodate blind people like him and he was being dropped from the program because of his disability. (Exhibit A to Rule 56.1 Response, 10, 12-14, 27-28, 30-31, 36, 51, 53)

## CONCLUSION

Based on the foregoing, genuine issues of material fact exist in this case which require that defendant's motion for summary judgment be denied.

WHEREFORE, Plaintiff, DEXTER SAFFOLD, respectfully requests that This Honorable Court deny defendant's motion for summary judgment.

This 1st day of June, 2016.

By:    /s/ Bryan Hofeld

> Bryan Hofeld
> bhofeld@hofeldandschaffner.com
> Counsel for the Plaintiff
> Hofeld and Schaffner

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

By:    /s/ Bryan Hofeld

> Bryan Hofeld
> bhofeld@hofeldandschaffner.com
> Counsel for the Plaintiff
> Hofeld and Schaffner

30 N. LaSalle Street
Suite 3120
Chicago, IL 60602
(312) 372-4250